[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2006
THOMAS K. KAHN
CLERK

No. 05-15492
Non-Argument Calendar

_____

D. C. Docket No. 04-00210-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR VELA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 23, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Oscar Vela appeals his 108-month sentences imposed after re-

sentencing stemming from his plea of guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine, and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), respectively. Vela had a total offense level of 31 and a criminal history category of I, resulting in a guideline range of 108 to 135 months imprisonment.

Vela argues that his sentences violate the holding in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because his sentences were increased based on facts not alleged in the indictment nor admitted by him. He asserts that *ex post facto* principles require that his sentences be no greater than the high-end of the guideline range determined based on the facts alleged in the indictment and incorporated into his guilty plea. Since any fact increasing the maximum guideline sentence had to be charged in the indictment under the mandatory guideline scheme, he would have had an offense level of 27 and criminal history category of I, which would have resulted in maximum guideline sentence of 87 months. Although district courts now have discretion in sentencing, applying the guidelines as advisory violates his due process rights

2

because it results in him suffering a greater punishment than he would have constitutionally faced under the law when he committed the offenses. He contends that *Booker* was unexpected and indefensible by reference to prior law. He concedes that this Court has rejected a similar argument, but maintains his argument for purposes of further review.

We review claims that a sentence was imposed in violation of the *Ex Post Facto* Clause *de novo*. *United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 417 (2005). "The *ex post facto* clause prohibits the enactment of statutes which . . . make more burdensome the punishment for a crime, after its commission . . ." *Id.* (internal quotations omitted). Two elements are needed to find an *ex post facto* violation: (1) the law must be retrospective, meaning it applies to events occurring before its enactment; and (2) the offender must be disadvantaged by it. *Id.* In *United States v. Duncan*, 400 F.3d 1297, 1306-1308 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005), we determined that Duncan's sentence did not violate *ex post facto* principles because, among other things: 1) at the time he committed the offense, from 1999-2002, this Circuit, as well as all others, viewed the United States Code as establishing maximum sentences; and 2) the U.S. Code provided for the maximum sentence to which Duncan was sentenced. *Id.* at 1307-1308.

We conclude from the record that Vela's 108-month sentences do not violate *ex post facto* concerns. Vela had fair warning that he faced up to life imprisonment for two offenses and 40 years imprisonment for the third.

Vela also argues that the sentences imposed by the district court are unreasonable because the quantity of the drugs involved in the offenses was the only offense-specific factor contributing to the guideline range, and the evidence showed that the government, through its confidential source, determined the amount of drugs sold. He contends that drug quantity was an artificial measure of guilt in his case, and it bore no relation to his actual culpability for the offense. He also contends that the district court should have looked beyond the advisory guideline range and should have considered all of the § 3553(a) factors. Specifically, the court should have fully considered the nature and circumstances of his offense conduct, including his limited role in the conspiracy and the fact that he was not going to profit financially from the transaction. Additionally, Vela argues that a 108-month sentence was more than necessary to achieve the purposes of sentencing. He also argues that the court gave no reason why the 87-month sentence he proposed was not a reasonable sentence, and the government offered no reason why the drug amount, which it determined, should be the determinative

4

factor in considering the length of his sentence.

"After the district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence that we review for reasonableness." *United States v. Winingear*, 422 F.3d 1241, 1244-1245 (11th Cir. 2005) (internal quotations omitted). The factors set forth in 18 U.S.C. § 3553(a) guides this Court's review of the reasonableness of a sentence. *Id.* at 1246. These factors include the available sentences, applicable guideline range, nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). Sentences within the applicable guideline range are not *per se* reasonable. *United States v. Talley*, 431 F.3d 784, 786-787 (11th Cir. 2005).

We conclude that Vela's 108-month sentences are not unreasonable. The sentencing guidelines call for consideration of the drug amount to determine a defendant's offense level, and district courts, post-*Booker*, must still correctly calculate the guidelines range. The applicable guideline range remains one of the factors to be considered in determining an appropriate sentence, and the record reflects that the district court considered the applicable guideline range and the other factors outlined in § 3553(a). Vela's sentences are within the applicable

5

guideline range, and are only a fraction of the applicable statutory maximum sentences.

For the above-stated reasons, we affirm Vela's sentences.

**AFFIRMED.**